**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

UNITED STATES OF AMERICA          :
                                  :
                                  :
    v.                           :   CRIMINAL ACTION NO.
                                  :   1:95-CR-0191-JOF
                                  :
BRYANT LOVING,                    :
                                  :
    Defendant.                   :

**OPINION AND ORDER**

The instant matter is before the court on Petitioner Bryant Loving's Motion to Reduce Sentence [27].

Petitioner pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced in 1995 to 210 months' imprisonment and five years of supervised release. Petitioner's sentence was calculated using a base offense of 34 based on possession of twenty kilograms of cocaine powder. Petitioner received a three-level upward adjustment pursuant to U.S.S.G. § 3B1.1(b) for his role in the offense, a three-level downward adjustment for acceptance of responsibility, and a level three criminal history category. Petitioner's guideline range was 188 to 235 months. Petitioner unsuccessfully attempted to have his sentence overturned or reduced on direct appeal, via a section 2255 motion for collateral relief, and via motions under Fed. R. Civ.

P. 60(b)(6) and 59(e). Petitioner filed a letter on June 11, 2008, requesting the court's assistance and help in filing a section 3582 Motion for Reduction of Sentence due to a change in the Sentencing Guidelines. The court construed this letter as a Motion for Reduction of Sentence under Amendment 706 which recently changed the sentencing guidelines for crack/cocaine offenses. The court directed the Government to respond on July 9, 2008. The Government has now done so. The Government contends that Petitioner is ineligible for a reduction in sentence under section 3582 and Amendment 706 because Petitioner's case did not involve cocaine base, or "crack."

Petitioner has requested a reduction in sentence under section 3582. The court may only grant petitioner a reduction under this provision if (1) one of the amendments listed in U.S.S.G. 1B1.10(c) is applicable to the petitioner, and (2) an amendment in subsection (c) has the effect of lowering the defendant's applicable guideline range. *See* U.S.S.G. App. C, Amend. 712 (revising Section 1B1.10(a). The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base, or "crack," offenses. Amendment 706 generally alters U.S.S.G. § 2D1.1 and reduces by two levels the offense levels applicable to crack cocaine offenses. Petitioner was not sentenced under section 2D1.1, and his offense involved powder cocaine rather than cocaine base. Amendment 706 is inapplicable to Petitioner and therefore the court cannot grant Petitioner a reduction under section 3582. The court is unable to find any other

2

AO 72A
(Rev.8/82)

amendment which would be applicable to Petitioner's request. Petitioner's Motion for Reduction of Sentence is DENIED [27].

**IT IS SO ORDERED** this 30th day of October 2008.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)